

**FILED**

**September 26, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:48 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| Evodio Davila, | ) | Docket No.: 2015-08-0465 |
|     Employee, | ) | |
| v. | ) | State File No.: 29117-2015 |
| Diversified Builders, Inc., | ) | |
|     Employer, | ) | Judge: Jim Umsted |
| And | ) | |
| Builders Mutual Insurance, | ) | |
|     Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This case came before the undersigned Workers' Compensation Judge on September 20, 2016, upon the Request for Expedited Hearing filed by the employee, Evodio Davila, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employer, Diversified Builders, Inc., must provide additional medical and temporary disability benefits for Mr. Davila's alleged work-related injuries. The central legal issue is whether Mr. Davila can demonstrate a likelihood of success at a trial on the merits on these issues. For the reasons set forth below, the Court holds Mr. Davila is unlikely to succeed at a hearing on the merits in proving entitlement to the requested benefits.[1]

### History of Claim

The following facts were established at the Expedited Hearing. Mr. Davila is a forty-six-year-old resident of Shelby County, Tennessee. He claimed he sustained multiple injuries after falling from a walk board while working for Diversified Builders on April 9, 2015.

After the accident, Diversified Builders provided Mr. Davila with a panel of physicians from which he selected Dr. Nahum Beard from Campbell's Clinic as his

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

treating physician. Dr. Beard oversaw medical care for Mr. Davila's left knee injury, treating the knee conservatively with physical therapy and medication. However, he referred Mr. Davila to specialists for his other injuries, which included a head injury and left shoulder injury, among others.

In a prior Expedited Hearing Order issued on May 10, 2016, this Court required Mr. Davila to provide a list of his medical providers for the previous ten years to Diversified Builders so it could obtain a complete set of medical records to supply to Dr. Beard. It also ordered Diversified Builders to schedule an appointment with Dr. Beard to examine Mr. Davila, review all relevant medical records, and treat injuries he found compensable. Thereafter, Diversified Builders scheduled a follow-up appointment for Mr. Davila with Dr. Beard, and Dr. Beard ordered a series of injections for Mr. Davila's left knee. On July 21, 2016, Mr. Davila was scheduled for the third injection in the series, but he had a family emergency arise that required him to leave the country prior to his appointment. Due to Mr. Davila's failure to attend the appointment, Diversified Builders stopped his benefits, citing medical non-compliance.[2] Mr. Davila filed a new Request for Expedited Hearing on August 12, 2016, based on this termination of his benefits.

Immediately prior to the Expedited Hearing held on September 20, 2016, the Court heard Mr. Davila's Motion for Sanctions for Failure to Pay Weekly Compensation and Creating Undue Delay of Proceedings[3] as well as Diversified Builders' Motion for Sanctions for Failure to Comply with Order. Mr. Davila asked for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure and 28 United States Code section 1927, arguing that Diversified Builders was causing undue delay in the proceedings through its filings and discovery. Diversified Builders sought sanctions for Mr. Davila's failure to provide a complete list of medical providers per the Court's May 10, 2016 order. The Court took both of these motions under advisement.

During the hearing, Mr. Davila specifically requested the Court to order Diversified Builders to pay ongoing temporary disability benefits from July 21, 2016. He also asked the Court to require Diversified Builders to pay the medical bills associated with an unauthorized visit to St. Francis Hospital on June 1, 2016. He claimed this visit related to his April 9, 2015 fall because he developed a rash down his left leg after his authorized physical therapist put black tape on his leg to stabilize his knee.

---

[2] Diversified Builders reinstated Mr. Davila's benefits upon his return to Dr. Beard for the third injection in August 2016. However, the parties submitted no medical records to show the exact date Mr. Davila returned to Dr. Beard for treatment.

[3] The Court also heard Mr. Davila's Motion to Determine Compensability of Medical Treatment, which the Court determined should be decided as part of the Expedited Hearing. It involved unauthorized medical treatment Mr. Davila obtained at St. Francis Hospital on June 1, 2016.

2

Diversified Builders argued it has paid for all authorized treatment recommended by Dr. Beard and has reinstated Mr. Davila's temporary disability benefits. It further contended Mr. Davila offered no medical proof that his June 1, 2016 treatment for cellulitis at St. Francis Hospital causally related to his work injury of April 9, 2015.

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

At an Expedited Hearing, Mr. Davila need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he has met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Davila nor Diversified Builders. *See* Tenn. Code Ann. § 50-6-116 (2015).

### *Mr. Davila's Motion for Sanctions for Failure to Pay Weekly Compensation and Creating Undue Delay of Proceedings*

Based on the statements of counsel and the evidence presented, the Court holds Diversified Builders did not fail to pay weekly compensation or create an undue delay of the proceedings. Therefore, the Court denies Mr. Davila's motion for sanctions.

### *Diversified Builders' Motion for Sanctions for Mr. Davila's Failure to Provide a Complete List of Medical Providers (per the Court's May 10, 2016 order)*

Based on the statements of counsel and the evidence presented, the Court holds Mr. Davila and his counsel made a good faith effort to comply with the Court's prior order. The Court believes Mr. Davila's testimony where he stated he provided a list of all the medical providers he could remember. He admitted he may not remember all of his past physicians, but he believes he listed most of them. Therefore, the Court denies Diversified Builders' request for sanctions.

3

*Medical Benefits*

Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." It is traditionally the employee's burden "to offer expert medical proof of causation '[e]xcept in the most obvious, simple and routine cases.'" *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) (citing *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)).

The Court will first consider Mr. Davila's request to require Diversified Builders to pay the medical bills associated with an unauthorized visit to St. Francis Hospital on June 1, 2016. He claimed this visit related to his April 9, 2015 fall because he developed a rash down his left leg after his authorized physical therapist put black tape on his leg to stabilize his knee. The Court finds Mr. Davila provided no medical evidence at the Expedited Hearing to establish a causal connection between this treatment and the work injury. Therefore, the Court holds he is not likely to prevail at a hearing on the merits on this issue.

The Court will next consider Mr. Davila's request for medical treatment with other specialist physicians. Mr. Davila is currently treating with Dr. Beard and the Court will not disturb that status. The Court finds Mr. Davila presented no medical evidence at the Expedited Hearing showing he is entitled to any other medical treatment. Therefore, the Court holds he is not likely to prevail at a hearing on the merits on this issue.

*Temporary Disability Benefits*

Mr. Davila claimed entitlement to a period of temporary disability benefits while he was out of the country on personal business, and not receiving scheduled medical treatment. An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). According to Tennessee Code Annotated section 50-6-204(b)(8) (2015), if an injured employee refuses to accept the medical services provided by the employer, the injured employee's right to compensation shall be suspended while the injured employee continues to refuse.

Mr. Davila submitted no medical proof to support his claim for additional temporary disability benefits. Diversified Builders stated it has provided all temporary disability benefits due and will continue paying temporary disability benefits which may become due pursuant to treatment with Dr. Beard. However, citing medical non-

4

compliance, Diversified Builders stopped paying temporary disability benefits July 21, 2016, when Mr. Davila missed a scheduled a scheduled third injection by Dr. Beard due to leaving the country for a "family emergency." He returned a few weeks later and received the third injection. Diversified Builders agreed to resume payment of temporary disability benefits on the date Mr. Davila returned and received the third injection. Based on the above legal principals, the Court determines Mr. Davila is not entitled to temporary disability benefits while he is out of the country attending to personal business, and not receiving scheduled medical treatment. Therefore, the Court holds Mr. Davila has failed to show he is likely to prevail at a hearing on the merits on this issue.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Davila's claim against Diversified Builders for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Status Hearing on December 12, 2016, at 10:00 a.m. Central time.

**ENTERED this the 26th day of September, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

5

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a

statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Form C-42 Agreement Between Employer/Employee Choice of Physician, dated April 26, 2015;
2. Form C-42 Agreement Between Employer/Employee Choice of Physician, dated October 6, 2015;
3. Mr. Davila's list of medical providers for the past ten years;
4. Collective exhibit of photographs of Mr. Davila's left knee;
5. Medical records from St. Francis Hospital, dated June 1, 2016;
6. Medical bill from St. Francis Hospital for date of service June 1, 2016;
7. Medical record from St. Francis Hospital, dated April 11, 2010; and
8. Intake form from St. Francis Hospital, dated April 11, 2010.

Technical record:[4]
1. Petition for Benefit Determination, filed October 6, 2015;
2. Dispute Certification Notice, filed on November 10, 2015;
3. Petition for Benefit Determination, filed November 17, 2015;
4. Dispute Certification Notice, filed on December 7, 2015;
5. Expedited Hearing Order for Medical Benefits, filed May 10, 2016;
6. Request for Expedited Hearing, filed August 12, 2016;
7. Mr. Davila's Motion for Sanctions for Failure to Pay Weekly Compensation and Creating Undue Delay of Proceedings filed August 12, 2016;
8. Diversified Builders' Motion for Sanctions for Failure to Comply with Order, filed August 22, 2016;
9. Diversified Builders' Response to Mr. Davila's Motion for Sanctions for Failure to Pay Weekly Compensation and Creating Undue Delay of Proceedings, filed August 31, 2016;
10. Mr. Davila's Motion to Determine Compensability of Medical Treatment, filed September 7, 2016;
11. Diversified Builders' Response to Mr. Davila's Motion to Determine Compensability of Medical Treatment, filed September 13, 2016;
12. Diversified Builders' Pre-Hearing Brief, filed September 13, 2016; and
13. Diversified Builders' Supplemental Pre-Hearing Brief, filed September 19, 2016.

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 27th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Marilyn Sellers-Hobbs, Employee's Attorney | | | X | mhobbs@bellsouth.net |
| Carolina Martin, Employer's Attorney | | | X | carolina.martin@petersonwhite.com |

*Penny Shrum*

**Penny Patterson-Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**